Megan Guzman (California Bar #316716)
David Hirson (California Bar #91507)
David Hirson and Partners, LLP
1122 Bristol Street, Floor 1
Costa Mesa, CA 92626
Telephone: (949) 383-5358
Facsimile: (949) 383-5368
mguzman@hirson.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYLINK (USA) DIGITAL SOLUTION CO. LTD. & Jiahui LI, <br><br> Plaintiffs, <br><br> vs. <br><br> Kathy A. BARAN, in her Official Capacity, Director of the California Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; <br><br> Kenneth T. CUCCINELLI, in his Official Capacity, Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; and <br><br> Kevin K. MCALEENAN, in his Official Capacity, Acting Secretary, U.S. Department of Homeland Security, <br><br> Defendants. | Case No.: 2:19-cv-8222 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT** <br><br> <u>Immigration Case, Administrative Procedure Act Case</u> |

## I.     INTRODUCTION

1. This action is brought pursuant to section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*, seeking review of the United States Citizenship and Immigration Services' ("USCIS") decision dated July 11, 2019, denying HYLINK (USA) DIGITAL SOLUTION CO., LTD. ("Plaintiff 1" or "Hylink")'s Petition for a Nonimmigrant Worker (Form I-129, hereafter "H-1B petition") on behalf of Ms. Jiahui Li ("Plaintiff 2" or "Ms. Li") for nonimmigrant classification under section 101(a)(15)(H)(i)(B) of the Immigration and Nationality Act ("INA"). This action seeks to hold unlawful and set aside the decision on the grounds that it was arbitrary and capricious, inasmuch as Defendants ignored evidence on the record and failed to adhere to agency regulations and established evidentiary burdens.

## II.     JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction), 1346(a)(2) (United States as a defendant), and 2201 (declaratory judgments). Additionally, 5 U.S.C. § 702 of the Administrative Procedure Act ("APA") waives sovereign immunity for the federal government, allowing the court to exercise jurisdiction over Defendants.

Complaint

Case No. 2:19-cv-8222

3. This civil action arises under several federal statutes and regulations, including the APA, 5 U.S.C. §§ 701–706; INA §§ 101(a)(15)(H), 214; 8 U.S.C. §§ 1101(a)(15)(H), 1184(i); and 8 C.F.R. § 214.2(h).

### III.   VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(e) as Defendants are federal officials acting in their official capacity, the denial was issued from the USCIS California Service Center located in Laguna Niguel, California, where Defendant Kathy A. Baran resides in her official capacity, and both Plaintiffs reside in this judicial district.

### IV.   PARTIES

5. Plaintiff Hylink is the U.S. headquarters located in Santa Monica, California of an independent, full-service digital advertising agency founded in 1994 in Beijing, China. Since its founding, Hylink has acted as a trailblazer in the digital marketing industry. It is comprised of industry leading units in the following disciplines: digital media, digital and interactive creation, big data (warehousing, data modeling, and data application), programmatic media solutions, mobile marketing, search engine marketing, content marketing, investment ERP/social, integrated advertising solutions, research, and insights. At the time of filing the H-1B petition at issue, Hylink employed approximately 29 workers in the United States with a gross annual income of $12,813,680.

6. Plaintiff Jiahui Li is a 25-year-old citizen of China. Ms. Li received a Master of Arts Degree in Communication from Missouri State University in 2017 while in valid nonimmigrant student status ("F-1"). Ms. Li has maintained valid H-1B status since December 20, 2018. Prior to employment with Hylink, Ms. Li worked at Teeterpal as a Communication And Public Relations Trainee before being promoted to a Corporate Communication Specialist (Level 2). Ms. Li was offered $110,531 by Hylink to work temporarily in H-1B status and was lawfully employed as Public Relations Developer from April 10, 2019 until July 11, 2019, the date of the H-1B petition denial. Ms. Li resides in Newport Beach, California.

7. Defendant Kathy A. Baran is sued in her official capacity as the USCIS Director of the California Service Center ("CSC"), located in Laguna Niguel, California. The CSC is the designated USCIS office authorized to receive and adjudicate H-1B petitions filed by employers in California. For official purposes, Ms. Baran resides in the judicial district for the Central District of California.

8. Defendant Kenneth T. Cuccinelli is sued in his official capacity as the Director of the U.S. Citizenship and Immigration Services ("USCIS"), located in Washington, District of Columbia. For official purposes, Mr. Cuccinelli resides in the judicial district for the District of Columbia.

9. Defendant Kevin M. McAleenan is sued in his official capacity as the Acting Secretary of Homeland Security located in Washington, District of Columbia.

For official purposes, Mr. McAleenan resides in the judicial district for the District of Columbia.

## V.   EXHAUSTION OF REMEDIES

10. Plaintiffs may seek judicial review of an H-1B petition without first seeking an administrative appeal. *See Darby v. Cisneros,* 509 U.S. 139, 154 (1993); *see also EG Enterprises, Inc. v. Dep't of Homeland Sec.,* 467 F.Supp.2d 728, 733 (E.D. Mich. 2006) (Finding jurisdiction where plaintiff had not first appealed its H-1B petition denial to the Administrative Appeals Office before filing suit).

## VI.   LEGAL BACKGROUND

11. INA § 101(a)(15)(H)(i)(b) allows admission to the United States for temporary workers sought by petitioning U.S. employers "to perform services…in a specialty occupation…". *See also* 8 U.S.C. § 1101(a)(15)(H)(i)(b). This is commonly known as the H-1B visa.

12. A "specialty occupation" is defined as an occupation that requires the (A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States. *See* 8 U.S.C. § 1184(i)(1).

13. Additionally, the requirements for a specialty occupation are:

(A) full state licensure to practice in the occupation, if such licensure is required to practice in the occupation,

(B) completion of the degree described in paragraph 1(B) for the occupation, or

(C) experience in the specialty equivalent to the completion of such degree, and recognition of expertise in the specialty through progressively responsible positions relating to the specialty. *See* 8 U.S.C. § 1184 (i)(2); *see also* INA § 214(i)(2).

14. Prior to filing the petition with USCIS, the U.S. employer must file a Labor Condition Application ("LCA") with the U.S. Department of Labor ("DOL"), in which the employer makes specific attestations meant to ensure the temporary foreign worker's employment will not have a negative effect on the wages and working conditions of a similarly-situated U.S. worker. *See* 8 U.S.C. §§ 1182(n)(1)(A)-(D). As part of this process, the employer may request a prevailing wage from the DOL online wage library, using a Standard Occupational Classification ("SOC") for the position, the job location, and a wage level determined by the education and experience requirements for the position. Once the DOL certifies the LCA, it is included with the H-1B petition filed with USCIS.

15. Under the concept of H-1B portability pursuant to Section 105 of AC 21, when a foreign worker is already in the United States as an employee of an H-1B employer, the employee is able to start new employment for a new H-1B employer upon the employer's filing of an H-1B petition on behalf of the foreign

worker. This also allows the foreign worker to begin working for the petitioning employer in valid H-1B status while USCIS adjudicates the petition. The employer is able to file the petition requesting for USCIS to approve the new H-1B status for the employee and the employer may concurrently request an extension of the employee's H-1B status in the petition. *See* INA § 214(n), 8 U.S.C. § 1184(n) and 8 C.F.R. § 214.2(h)(2)(i)(H). However, if the H-1B portability petition is denied, the foreign worker immediately loses her work authorization and H-1B status.

16. USCIS regulations clarify that in order to qualify as a specialty occupation, the position must meet one of the following criteria:

   a. A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

   b. The degree requirement is common to the industry in parallel positions among similar organizations, or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

   c. The employer normally requires a degree or its equivalent for the position; or

   d. The nature of the specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with the

attainment of a baccalaureate or higher degree. See 8 C.F.R. § 214.2(h)(4)(iii)(A)(1)-(4).

## VII. STATEMENT OF FACTS

17. Plaintiffs hereby request this Court to enter declaratory and injunctive relief against Defendants, United States Citizenship and Immigration Services ("USCIS") and the Department of Homeland Security ("DHS") based on the improper, arbitrary denial of Plaintiffs' Petition for Nonimmigrant Worker (Form I-129, hereafter "H-1B petition"). Hylink filed the H-1B petition on behalf of Ms. Li in order to employ her as its Public Relations Director.

18. Plaintiff Hylink is the U.S. headquarters of an independent, full-service digital advertising agency founded in 1994 in Beijing, China. Today, Hylink has more than 20 offices worldwide, including in California, New York, London, Paris, and Seoul. It is comprised of industry leading units in the following disciplines: digital media, digital and interactive creation, big data (warehousing, data modeling, and data application), programmatic media solutions, mobile marketing, search engine marketing, content marketing, investment ERP/social, integrated advertising solutions, research, and insights. Hylink also serves Fortune Global 500 companies in the United States and abroad. Since its founding, Hylink has acted as a trailblazer in the digital marketing industry. As an increasing number of American brands are seeking to appeal to the Asian consumer base, Hylink has stepped up to fill the service gap. See Exhibit E.

19. In 2016, Plaintiff Hylink opened its U.S. headquarters in Santa Monica, California. Hylink is the advertising agency of record for a number of major industries including airlines, travel tourism, and health & wellness. Hylink's work has been honored with major advertising industry awards such as the Drum Awards, the Shorty Awards, and the American Advertising Awards ("ADDYs"). Hylink is dedicated to providing high quality service to its clients and creating effective digital marketing solutions. *Id.*

20. Ms. Li is a Chinese citizen who earned her advanced degree in the United States while in valid nonimmigrant student status. She received her Bachelor of Arts in Translation (English and Chinese) in 2016 from XIAN International Studies University, during which time she attended summer school at the University of California, Berkeley for Communication-Public Relations. In December 2017, she received her Master of Arts in Communication from Missouri State University. *Id.*

21. Prior to Hylink's filing of its H-1B petition, Ms. Li held valid H-1B status working for TeeterPal as a Corporate Communication Specialist (Level 2) from December 2018 until April 2019. Ms. Li has always complied with the terms of her nonimmigrant status both as a student and employee. *Id.* Since Ms. Li was in valid H-1B status at the time of Hylink's filing the H-1B portability petition on her behalf, she was able to begin working for Hylink as the Public Relations

Director while USCIS adjudicated the H-1B petition. *See* 8 C.F.R. § 214.2(h)(2)(i)(H).

22. Under the INA, a United States employer may sponsor a foreign national temporarily to "perform services…in a specialty occupation." *See generally* INA § 214(h); *see also* 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1184(c). An employer sponsors a foreign national by filing Form I-129, the H-1B petition, with USCIS. The H-1B visa category focuses on highly skilled, educated foreign nationals, and places them as employees in "specialty occupations" – those which require the theoretical and practical application of a body of highly specialized knowledge, along with a bachelor's or higher degree, or the equivalent of such, in a specific specialty.

23. On March 26, 2019, Hylink filed an H-1B petition on behalf of Ms. Li, including a request for extension of her current H-1B status. *See* Exhibit D. Hylink sought to employ Ms. Li in the position of Public Relations Director, which falls into the category of Public Relations or Fundraising Manager as defined by the U.S. Department of Labor ("DOL"). *See* Exhibit E. The Public Relations Director is responsible for independently managing the company's communications and public relations in North America, relating to Hylink's product platforms and service offerings, including Hylink Digital Solutions and Hylink Investments. Hylink requires an employee in the Public Relations Director position to have at

least a bachelor's degree in Public Relations, Communication, or a related field. *Id*.

24. To support the petition, Hylink included a letter explaining in detail the position offered along with its associated job duties and responsibilities, among other documents. The letter confirmed that the degree requirement for the position is "at minimum a bachelor's degree in Public Relations, Communication, or related field." *See* Exhibit E at 225. Hylink also included the relevant sections from an online source of occupational information published by the DOL, showing the position met the definition of "specialty occupation" provided under the INA. Additionally, Hylink submitted evidence of Ms. Li's qualifications for the position of Public Relations Director, such as her Master of Arts degree in Communication with her degree transcript, as well as her resume. *Id*.

25. On April 4, 2019, USCIS issued a Request for Evidence ("RFE"), claiming that Hylink had not satisfied any of the regulatory criteria for the position to qualify as a specialty occupation. *See* Exhibit C.

26. On June 27, 2019, Hylink filed a timely response to USCIS's RFE, providing additional evidence that sufficiently demonstrated the proffered position qualified as a specialty occupation. Specifically, Hylink included a letter from their Managing Director, Mr. Humphrey Ho, providing Ms. Li's job responsibilities in greater detail, along with an analysis of how her coursework from her degrees prepared her to perform each job duty. Since Ms. Li was able

to begin working for Hylink while the petition was pending, Mr. Ho also referred to some of her work product and its complexity, providing examples of her work product as well. Additionally, Mr. Ho attached Hylink's organizational chart with a current job posting for a Public Relations Specialist position that would be supervised by Ms. Li. These and the other supporting documents established the degree requirement for the position and that Public Relations Director is a specialty occupation. *See* Exhibit B.

27. Hylink also provided several types of evidence to demonstrate that a degree in a specific specialty is normally required for a Public Relations Director position. This included industry articles about the Public Relations field, as well as articles from various job search engines that describe a Public Relations Director's job responsibilities and the qualifications required for such a position. These requirements are supported by job postings from similar organizations to Hylink showing comparable job duties and showing that the positions require a degree in a specific specialty. These job postings, along with the job duties provided by Hylink, were analyzed by a professional recruiter, Ms. Jenna Ehrlich, who provided her expert opinion that Hylink's proffered position of Public Relations Director is a specialty occupation that requires a degree in a specific specialty. *Id*.

28. On July 11, 2019, USCIS denied Hylink's H-1B petition on behalf of Ms. Li. *See* Exhibit A. USCIS erroneously determined that Hylink had not proved that

the proffered position of Public Relations Director is a specialty occupation in accordance with 8 C.F.R. § 214.2(h)(4)(iii)(A). USCIS also denied the request for extension of status since the H-1B petition was denied. *Id.*

29. In denying the H-1B petition, USCIS ignored substantially probative evidence of the position's job duties and responsibilities, its complexity, and how this substantiates Hylink's degree requirement in a specific field. USCIS also ignored the expert opinion from the professional recruiter finding that the Public Relations Director position is a specialty occupation. This constitutes a misapplication of the law and misinterpretation of the facts presented on the record. Defendants' actions were arbitrary, capricious, and contrary to the law under the Administrative Procedure Act ("APA"). Therefore, Plaintiffs request that the Court vacate the denial and approve the H-1B petition to ensure that USCIS cannot continue to erroneously deny petitions for similar public relations positions contrary to the APA and relevant immigration law.

### VIII. CAUSE OF ACTION

30. Plaintiffs re-allege and incorporate herein by reference, as if fully set forth herein, the allegations in paragraphs 1-29 above.

31. Under 5 U.S.C. § 706(2), the Court shall "hold unlawful and set aside agency action … found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right,

power, privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."

32. This cause of action is brought against Defendants Baran, Cuccinelli, and McAleenan in their official capacities as the parties responsible for the adjudication of Hylink's H-1B petition on behalf of Ms. Li to temporarily employ her as the company's Public Relations Director.

33. USCIS's decision to deny Hylink's petition is arbitrary and capricious, as it completely disregards the letters by Hylink in support of the petition, ignores and misapplies the evidentiary weight of the expert opinion provided, and does not consider the supporting evidence. In reaching its conclusions about the evidence provided, USCIS misapplied the relevant regulations; impermissibly imposed evidentiary requirements outside of what Congress set forth; and erroneously concluded that the position of Public Relations Director is not a specialty occupation.

34. In denying the petition, USCIS rejected all of the evidence set forth to establish the four alternative regulatory criteria by which the Public Relations Director position qualifies as a specialty occupation, even though only one criterion needs to be met and Hylink provided evidence for three of the four criteria.

35. The denial of Hylink's petition was arbitrary and capricious, as it was not supported by the evidence on the record and should be reversed as a violation of 5 U.S.C. § 706 (APA).

### IX.  REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Hylink (USA) Digital Solution Co., Ltd. and Ms. Li pray that the Court:

1. Declare Defendants' decision that the evidence submitted by Plaintiffs was insufficient to establish that the position of Public Relations Director is not a specialty occupation, was arbitrary and capricious, and contrary to law in violation of the APA, 5 U.S.C. § 706(2)(A), the INA and the regulations;

2. Vacate the denial of Plaintiffs' H-1B petition dated July 11, 2019, and order Defendants to take the appropriate corrective action, including but not limited to approving the H-1B petition and extending Ms. Li's H-1B status;

3. Award Plaintiffs their costs in the action; and

4. Grant such further relief, including injunctive relief, as the Court deems just and proper.

Dated: September 23, 2019

Respectfully submitted,

/s/Megan Guzman

Megan Guzman
David Hirson
Attorneys for Plaintiffs